WO           IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JEFFREY A. STILLMAN,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
COLUMN 5 CONSULTING, L.L.C.,　　　　)
　　　　　　　　　　　　　　　　　　　)　No. 3:14-cv-8207-HRH
　　　　　　　　　Defendant.　　　　　)　(Prescott Division)
_____)

O R D E R

Motion for Judgment on the Pleadings,
or in the alternative, for Reconsideration

Defendant moves[1] for judgment on the pleadings on plaintiff's ADA retaliation claim, or in the alternative, for reconsideration of the portion of the court's summary judgment order[2] that dealt with plaintiff's retaliation claim. Plaintiff opposes this motion[3] and moves[4] to strike defendant's motion for judgment on the pleadings, or in the

---

[1]Docket No. 53.

[2]Docket No. 47.

[3]Docket No. 59.

[4]Docket No. 55.

-1-

alternative, for reconsideration. Defendant opposes the motion to strike.[5] Oral argument was requested but is not deemed necessary.

## Background

Plaintiff, a former employee of defendant, brought three ADA claims against defendant: 1) a failure to accommodate, 2) unlawful termination, and 3) retaliation. Defendant moved for summary judgment on all of plaintiff's claims, arguing that plaintiff was not disabled for purposes of the ADA. In response, plaintiff argued that he was disabled for purposes of the ADA. The court agreed with defendant and concluded that defendant was entitled to summary judgment on plaintiff's failure to accommodate and unlawful termination claims.[6] As for plaintiff's retaliation claim, defendant's argument was limited to a conclusory statement that it took no adverse actions once it learned of plaintiff's alleged disability. Plaintiff in turn did not focus on his retaliation claim in his opposition brief. Despite the limited argument on the retaliation claim, the court addressed this claim because defendant had moved for summary judgment on all of plaintiff's claims. The court noted that "[a] retaliation claim does not necessarily depend on a plaintiff proving that he or she is disabled within the meaning of the ADA." Davis v. Tri-County Metropolitan Transp. Dist. of Oregon, 45 F. Supp. 3d 1222, 1255 (D. Or. 2014). Instead, as

---

[5]Docket No. 64.

[6]Order re Motion for Summary Judgment at 18, Docket No. 47.

the Ninth Circuit has explained "'[a] prima facie case of retaliation requires a plaintiff to show: (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.'" Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1269 (9th Cir. 2009) (quoting Coons v. Sec'y of U.S. Dep't of Treasury, 383 F.3d 879, 887 (9th Cir. 2004)). The court found that plaintiff might be able to make out a prima facie case of retaliation, that defendant had articulated a legitimate, nondiscriminatory reason for terminating plaintiff, and that plaintiff had come forward with specific and substantial evidence of pretext.[7] Thus, plaintiff's retaliation claim survived defendant's motion for summary judgment.

Defendant now moves for judgment on the pleadings on plaintiff's retaliation claim, or in the alternative, for reconsideration of the denial of its motion for summary judgment on plaintiff's retaliation claim. Plaintiff moves to strike defendant's motion for judgment on the pleadings, or in the alternative, for reconsideration. If plaintiff's motion to strike is granted, plaintiff requests sanctions pursuant to Rule 16(f), Federal Rules of Civil Procedure.

## Discussion

"Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Honey v.

---

[7]Id. at 19-20.

Distelrath, 195 F.3d 531, 532 (9th Cir. 1999). Defendant argues that it is entitled to judgment on plaintiff's retaliation claim because plaintiff did not allege or argue that he had a good faith belief that he was disabled. Defendant does not dispute that a plaintiff may maintain an ADA retaliation claim even if he is not disabled for purposes of the ADA. But, defendant argues that plaintiff must either have alleged in his complaint or argued in his response to defendant's motion for summary judgment that he had a good faith belief that he was disabled. Defendant's argument is based primarily on Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003). There, Fraser suffered from "a very onerous and life-threatening form of diabetes" and argued that this disability significantly limited her ability to eat, care for herself, and think and communicate. Id. at 1035, 1039, 1043-44. The court held that "Fraser presented a genuine issue of material fact that her diabetes significantly limits her major life activity of eating." Id. at 1045. But, the court held that Fraser had not presented a genuine issue of material fact that her diabetes significantly limited her ability to care for herself or her ability to think and communicate. Id. At the Ninth Circuit, "Fraser argue[d] that even if she was not disabled in the major life activities of caring for self, thinking, and communicating, she nonetheless has a good faith belief that she was disabled." Id. at 1044. The Ninth Circuit declined to address Fraser's "good faith belief" argument because she had not raised it below. Id. The Ninth Circuit pointed out that Fraser did not allege in her complaint that she had a good faith belief that she was disabled nor did she raise such an

argument in response to the defendant's motion for summary judgment. Id. Instead, she took the position that she was disabled. Id. Thus, the Ninth Circuit affirmed the district court's summary judgment on Fraser's retaliation claims based on her ability to care for herself and her ability to think and communicate. Id. at 1044-45.

Defendant argues that the same is true here, that plaintiff did not allege in his complaint that he had a good faith belief that he was disabled nor did he argue in response to defendant's motion for summary judgment that he had a good faith belief that he was disabled.

As an initial matter, plaintiff moves to strike defendant's motion for judgment on the pleadings because it is untimely. Plaintiff argues that defendant's motion for judgment on the pleadings is untimely because it is a dispositive motion and the deadline for filing dispositive motions in this case was November 27, 2015.[8]

Defendant's attempt to side-step the dispositive motion deadline by filing its motion as a Rule 12(c) motion fails. In deciding a Rule 12(c) motion, "a court may consider only allegations made in the complaint and the answer[.]" Qwest Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002). Here, defendant wants the court to consider not only plaintiff's allegations in his complaint but also plaintiff's response to defendant's motion for summary judgment. "When material outside the pleadings is

---

[8]Scheduling and Planning Order at 6, Docket No. 17.

considered, a 12(c) motion is converted to one for summary judgment." Robinson v. Fred Meyers Stores, Inc., 252 F. Supp. 2d 905, 909 n.2 (D. Ariz. 2002). Defendant's motion for judgment on the pleadings would have to be converted to a motion for summary judgment, thereby making it a dispositive motion. Because the time for filing dispositive motions has closed, defendant's motion for judgment on the pleadings is untimely.

However, defendant requests that the court treat its Rule 12(c) motion as "implicitly requesting relief from the court's case management orders." Rambus Inc. v. Hynix Semiconductor Inc., 628 F. Supp. 2d 1114, 1120 (N.D. Cal. 2008). In order to be entitled to such relief, defendant must show good cause. Fed. R. Civ. P. 16(b)(4). Defendant argues that it has shown good cause to modify the court's dispositive motion deadline because it could not have filed its motion for judgment on the pleadings prior to the November 2015 deadline. Defendant argues that it could not have filed its motion for judgment on the pleadings until after the court's summary judgment ruling. Defendant contends that the court's conclusion that plaintiff was not disabled for purposes of the ADA was a prerequisite for its motion for judgment on the pleadings. Defendant insists that the court's ruling that plaintiff was not disabled for purposes of the ADA raised for the first time the issue of whether plaintiff had adequately alleged a good faith belief that he was disabled.

This argument fails. Defendant could have raised the issue of whether plaintiff had a good faith belief that he was disabled prior to the court's decision on defendant's motion

for summary judgment. Defendant could have, and probably should have, raised this issue in its motion for summary judgment since defendant was moving for summary judgment on all of plaintiff's claims. The court's order on defendant's motion for summary judgment was not a prerequisite for defendant's motion for judgment on the pleadings because whether plaintiff was disabled or not for purposes of the ADA had little if anything to do with plaintiff's ADA retaliation claim. Defendant has not shown good cause to modify the scheduling order to extend the dispositive motion deadline. Thus, defendant's motion for judgment on the pleadings is untimely and it is stricken.

But even if defendant's motion for judgment on the pleadings were timely, the motion would be denied. It can be implied or inferred from the allegations in plaintiff's complaint that he had a good faith belief that he was disabled. See Wehrley v. Amer. Family Mut. Ins. Co., Case No. 12–1079, 2013 WL 1092856, at *6 (10th Cir. March 18, 2013) (allegations of the conditions that the plaintiff experienced at the time of his protected activity "is at least sufficient to create a factual issue regarding [p]laintiff's good faith belief that he was disabled"). Defendant's argument to the contrary is unavailing. Defendant argues that if it could be implied from a complaint that a plaintiff had a good faith belief that he was disabled, Fraser would have been decided differently. However, there is a significant difference between this case and Fraser. In Fraser, the plaintiff was raising an argument for the first time on appeal, an argument that she had not preserved below.

Here, the case is still in the district court and plaintiff can, and is, arguing that the allegations in his complaint are sufficient to suggest that he had a good faith belief that he was disabled. Although defendant questions whether plaintiff had a good faith belief that he was disabled, it is reasonable to infer from the allegations in plaintiff's complaint that he had a good faith belief that he was disabled when he requested an accommodation.

In the alternative, defendant moves for reconsideration of the court's order denying its motion for summary judgment on plaintiff's retaliation claim. Local Rule 7.2(g)(2) provides that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." The court's order on defendant's motion for summary judgment was filed on April 19, 2016. Defendant did not file its motion for reconsideration until May 12, 2016 and has offered no explanation why it did not file its motion sooner. Thus, defendant's alternative motion for reconsideration is also untimely and it also is stricken.

But even if defendant's motion for reconsideration were timely, it would be denied. "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion

for reconsideration 'may <u>not</u> be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" Id. (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). Here, defendant is raising an argument that could have been raised earlier in the litigation. As discussed above, defendant could have raised its argument that plaintiff had not alleged that he had a good faith belief that he was disabled when defendant moved for summary judgment on all of plaintiff's claims.

Finally, plaintiff's requests that sanctions be imposed against defendant for failing to obey the scheduling order and the trial setting order. Rule 16(f)(1), Federal Rules of Civil Procedure, authorizes the court to issue "any just orders" if a party or its attorney "fails to obey a scheduling or other pretrial order." Although plaintiff does not expressly state what sanctions he thinks should be imposed, he does point out that Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Sanctions are appropriate here. In the parties' certificate of readiness, filed on May 3, 2016, defendant indicated that it would "file a motion seeking judgment on Plaintiff's

ADA retaliation claim...."[9] In its trial setting order, which was entered on May 9, 2016, the court reminded the parties that "[t]he time for filing dispositive motions is closed[.]"[10] Defendant nonetheless filed a dispositive motion, disguised as a Rule 12(c) motion, thus disobeying the scheduling order and the court's trial setting order. If this case does not settle at the June 30, 2016 settlement conference, the court will entertain plaintiff's application for attorney's fees incurred in responding to defendant's motion for judgment on the pleadings, or in the alternative for reconsideration.

Conclusion

Plaintiff's motion to strike[11] is granted. Defendant's motion for judgment on the pleadings, or in the alternative, for reconsideration[12] is stricken.

DATED at Anchorage, Alaska, this 14th day of June, 2016.

/s/ H. Russel Holland
United States District Judge

---

[9] Certificate of Readiness at 1, Docket No. 49.

[10] Order re Request for Settlement Conference; Trial Setting at 1, Docket No. 50.

[11] Docket No. 55.

[12] Docket No. 53.